IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ROBERT HALF INTERNATIONAL, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:11-2226 |
| THEODORE M. STOUT, | ) ) ) | |
| Defendant. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter comes before the Court on Robert Half International, Inc.'s Emergency *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction (d/e 4) (Motion). For the reasons that follow, the Motion is GRANTED IN PART.

BACKGROUND

Yesterday, Plaintiff Robert Half International, Inc. filed a Verified Complaint for Injunctive and Other Relief (d/e 1) (Complaint) against its former employee, Defendant Theodore M. Stout. The Complaint alleges

Page 1 of 12

a violation of the Computer Fraud and Abuse Act (CFAA) (18 U.S.C. § 1030), as well as state law claims under the Illinois Computer Crime Prevention Law (720 ILCS 5/16D-1) and for breach of contract.  Plaintiff seeks a Temporary Restraining Order (TRO) requiring Defendant to return a laptop computer and security fob assigned to him for work purposes.

The Complaint (signed under penalty of perjury by its corporate counsel) explains that Plaintiff is a staffing firm that provides temporary and permanent professionals in various fields.  In June 2011, Defendant was hired as a consultant by Plaintiff to provide information technology services to one of Plaintiff's clients, Wells Fargo Services.  Defendant signed an employment agreement, which provided for "at-will" employment terminable at any time by either party.  The agreement also required Defendant to maintain the confidentiality of trade secret and prohibit the disclosure of confidential information he received from Plaintiff or the client during the course of employment.  Additionally, the agreement required Defendant to return, when the assignment ended, all

"information, data, and other materials supplied by or obtained from Client," and copies thereof.

On August 29, 2011, Plaintiff placed Defendant on assignment with Wells Fargo. Wells Fargo issued Defendant a laptop, which contained "proprietary, confidential[,] and trade secret information." The assignment did not last long. On September 9, 2011, Plaintiff notified Defendant that the assignment was terminated effective immediately. Since that date, Plaintiff has demanded the return of the laptop and the security fob, but Defendant has refused. Based on e-mail exchanges attached to the Complaint, Defendant apparently believes that Plaintiff and Wells Fargo have committed fraud and discrimination against him. In the e-mails, Defendant also stated that he has turned over the computer to an attorney, and Defendant believes that the computer contains "relevant information for a racial discrimination case." What concerns Plaintiff, among other things, is that Defendant also stated, "I have already sta[r]ted posting [about] this online. All information and emails will be published online."

Plaintiff asks for a temporary restraining order requiring Defendant to: (1) return the laptop and security fob; and (2) refrain from disseminating or using any trade secret or confidential information.

Today at 1:30 PM, the Court conducted an *ex parte* hearing via telephone. Counsel for Plaintiff was present. Neither Defendant nor counsel for Defendant were present, even though Plaintiff informed Defendant via email that the hearing would be taking place and of the phone number Defendant (or his counsel) could use to call into the hearing if so desired.

Plaintiff has filed two certifications pursuant to Federal Rule of Civil Procedure 65(b)(1)(B). The first certification explains that Plaintiff is unable to obtain a current mailing or physical address for Defendant because he refuses to provide the address. The first certification also explains the risk Defendant may divulge or disseminate trade secrets, proprietary, and confidential information contained on the laptop if he is notified of the hearing. The second Rule 65(b)(1)(B) certification explains that Plaintiff's counsel emailed Defendant a notification of the

hearing at an email address counsel had previously used to correspond with Defendant.  The Court finds Plaintiff has sufficiently attempted notice and that at this time notice to Defendant would create the risk that Defendant would disclose the confidential and proprietary information which would be irreparable.  Once notice is given to Defendant, he may apply to dissolve the TRO as described below.

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction because Plaintiff's CFAA claims are based on a federal statute.  <u>See</u> 28 U.S.C. § 1331.  Section 1030(g) of the CFAA provides for federal civil actions alleging a CFAA violation, so long as the conduct involves one of the first four subclauses in § 1030(c)(4)(A)(1).  The only possible candidate in this case is subclause (I), which requires "loss" aggregating at least $5,000 in value.  Under the CFAA, "loss" includes "any reasonable cost to any victim, including the cost of responding to the offense . . . ." § 1030(e)(11).  Plaintiff alleges over $5,000 in costs "in assessing the scope of the damages" and in "attempting to recover" the laptop.  That is a sufficient

allegation for jurisdictional purposes, which does not require likelihood of success on the claim itself. See Back Doctors Ltd. v. Metropolitan Property and Casualty, 637 F.3d 827, 829 (7th Cir. 2011) (discussing analogous diversity-jurisdiction issue). The Court has jurisdiction over the remaining state claims pursuant to its supplemental jurisdiction. See 28 U.S.C. § 1367(a). Personal jurisdiction exists because the Defendants' actions took place in Illinois. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980) (personal jurisdiction exists where a defendant "'purposefully avail[ed] itself of the privilege of conducting activities'" in the forum state)(quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)). Venue exists because Defendant resides in Champaign, Illinois, which is in this judicial district and a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district. See 28 U.S.C. §1391(b) and (c).

## ANALYSIS

To obtain a TRO, a movant must show that: (1) it is reasonably likely to succeed on the merits; (2) no adequate remedy at law exists; (3)

it will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm the public interest. See Joelner v. Vill. of Washington Park, Illinois, 378 F.3d 613, 619 (7th Cir. 2004)(stating requisite elements for a TRO); Goodman v. Illinois Dep't of Fin. and Prof'l Regulation, 430 F.3d 432, 437 (7th Cir. 2005) (internal citations omitted)(stating that a movant bears the burden of proof).

Here, all the factors weigh in favor of granting a TRO. Plaintiff has shown a strong likelihood of success on the breach of contract claim. The laptop belongs to Wells Fargo, and the employment agreement requires its return upon termination. The agreement also requires the return and non-disclosure of trade secret and confidential information. Plaintiff's refusal to return the laptop and protect confidential information violates the employment agreement he had with Plaintiff. Therefore, Plaintiff has shown a likelihood of success on its breach of contract claim. Plaintiff also adequately shows that the disclosure of trade secret or confidential information would result in irreparable harm

and that no remedy at law would suffice.  The very nature of trade secret and confidential information is that its value derives from its secrecy.

In addition to a TRO for the breach of contract claim, Plaintiff is entitled to injunctive relief under the CFAA.  The federal CFAA claim also provides for injunctive relief.  18 U.S.C. § 1030(g).  Plaintiff cites violations of five statutory sub-sections, but there undoubtedly will be substantial factual disputes over at least four of the five: § 1030(a)(4) (does Defendant have intent to defraud?); § 1030(a)(2)(A) (does the information comprise a "financial record" or a "file of a consumer reporting agency"?); § 1030(a)(5)(A) (what is the "transmission" that damaged the computer?); and § 1030(a)(7) (does Defendant have intent to extort?).  Plaintiff's strongest federal claim is likely § 1030(a)(2)(C), which bars access to information on any "protected computer," which includes a computer "exclusively for the use of a financial institution" and a computer "used in or affecting interstate" commerce.  Perhaps an adversarial presentation will show otherwise, but the laptop computer was assigned to Defendant for use at various nationwide locations.  In

any event, as noted above, the breach of contract claim has a strong likelihood of success.

Defendant's only interest, as best as can be discerned right now without notice to him, is that he believes the laptop contains information that is relevant to his potential fraud and discrimination case against Plaintiff and Wells Fargo. In light of that concern, the Court will fashion an order that requires the return of the laptop and protection of trade secret and confidential information, but also requires that Plaintiff preserve all of the information on the laptop, including dates, times, and other meta-data associated with the laptop's files, until further order of the Court.

Accordingly, the Court GRANTS IN PART Plaintiff's Motion (d/e 4) and orders as follows:

1. Defendant Theodore Michael Stout, and any of his agents or attorneys, shall deliver to Officer Jones or Lt. Gallo of the Champaign Police Department or FBI Task Force Agent Chris Anglin, the laptop bearing serial number L3BH962 and the

associated security fob, and shall do so no later than 2 hours after service of the Order to return the laptop and security fob.

2. Defendant Theodore Michael Stout, and any of his agents or attorneys, shall neither disclose nor use any trade secret or confidential information belonging to Plaintiff or Wells Fargo. Stout, and any of his agents or attorneys, shall return to Plaintiff any trade secret or confidential information belonging to Plaintiff or Wells Fargo, and any copies thereof, no later than 2 hours after service of the Order to return any trade secret or confidential information belonging to Plaintiff or Wells Fargo, and any copies thereof.

3. Upon receipt of the laptop, Plaintiff shall preserve all of the information on the laptop, including dates, times, and other meta-data associated with the laptop's files, until further order of the Court.

4. Defendant Theodore Michael Stout, and any of his agents, servants, and all those acting in concert with him, shall make

available for inspection and copying by Plaintiff or a forensic expert of Plaintiff's choosing, Defendant's personal computer hard drives, including software operating systems and documents and email. Defendant shall make these items available to any of the aforementioned officers within two hours of receipt of service of this Order.

5. This Order's restraints (with the exception of the preservation order) shall dissolve at 4:30 p.m. on October 7,2011, unless extended before that date and time.

Stout may apply to dissolve these restraints upon service of notice on Plaintiff.  See Fed.R.Civ.P. 65(b)(4).

If Defendant fails to comply with the terms of this Opinion within the time restraints set forth above, he will be in contempt of this Court and subject to sanctions.

Status hearing is set for this matter on September 26, 2011, at 1:30 PM.  The hearing will be conducted by telephone and the Court will initiate the call.

IT IS SO ORDERED.

ENTERED: September 23, 2011.

FOR THE COURT:

          s/ Sue E. Myerscough
          SUE E. MYERSCOUGH
         UNITED STATE DISTRICT JUDGE